THE HONORABLE JUDGE _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD ON BEHALF OF INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, DISTRICT LODGE 751, affiliated with INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS,<br><br>               Applicant,<br><br>        v.<br><br>THE BOEING COMPANY,<br><br>           Respondent. | Civil No. _____<br><br>NATIONAL LABOR RELATIONS BOARD'S APPLICATION FOR AN ORDER TO SHOW CAUSE AND ORDER REQUIRING COMPLIANCE WITH BOARD SUBPOENA *DUCES TECUM* B-648186<br><br>ORAL ARGUMENT REQUESTED<br><br>NOTE ON MOTION CALENDAR: DECEMBER 16, 2011 |

ANNE P. POMERANTZ
MARA-LOUISE ANZALONE
PETER G. FINCH
RACHEL HARVEY
National Labor Relations Board
Region 19
2948 Jackson Federal Building
915 Second Avenue
Seattle, Washington 98174
Telephone:  (206) 220-6301
Fax:  (206) 220-6305
Email:     Anne.Pomerantz@nlrb.gov
           Mara-Louise.Anzalone@nlrb.gov
           Peter.Finch@nlrb.gov
           Rachel.Harvey@nlrb.gov

Application for Enforcement
of Board Subpoena B-648186
Civil No. _____

1

NATIONAL LABOR RELATIONS BOARD
Region 19
915 Second Avenue, Suite 2948
Seattle, Washington
(206) 220-6301

1    The National Labor Relations Board (the "NLRB" or the "Board"), an administrative agency

2    of the Federal Government created pursuant to the National Labor Relations Act, as amended (the

3    "Act"), 29 U.S.C. § 151 *et seq.,* applies to this Court pursuant to § 11(2) of the Act [29 U.S.C. §

4    161(2)], for an order requiring Respondent The Boeing Company ("Respondent") to comply with

5    subpoena *duces tecum* issued by the Board and duly served upon Respondent by International

6    Association of Machinists and Aerospace Workers, District Lodge 751, affiliated with International

7    Association of Machinists and Aerospace Workers, AFL-CIO (Charging Party), in the manner

8    provided by law.

9    This Application is being filed concurrently with a second Application for an order requiring

10   Respondent to comply with a similar subpoena *duces tecum* issued on behalf of the Acting General

11   Counsel for the Board (the "Acting General Counsel") in the administrative proceeding.  As the

12   issues presented and interested parties involved in these two actions are identical, the Board will

13   move to join these two actions.[1]

14   The basic goal in both subpoena enforcement proceedings is to obtain from the Court an

15   order that will permit the administrative proceeding to proceed with sufficient access to those

16   Respondent's documents believed necessary to make a complete administrative case, but without

17   causing undue harm to the Respondent by unnecessary release of its confidential information.  That

18   is, the Acting General Counsel the Charging Party each seek an order:  (i) enforcing its respective

19   Subpoena, as modified by the Administrative Law Judge, and (ii) requiring the Acting General

---

[1] While Section 11(2) of the NLRA, 29 U.S.C. 161(2), expressly grants district courts jurisdiction to enforce Board subpoenas, it limits that jurisdiction to cases brought "upon application by the Board." Thus, the NLRB is also filing the application on the relation of Charging Party to enforce its subpoena so as to ensure the Court's jurisdiction to enforce the two subpoenas, *Wilmot v. Doyle,* 403 F.2d 811, 814 (9th Cir. 1968), and to bring Charging Party into the proceedings. *See, e.g., NLRB, on the relation of IUOE v. Consolidated Vacuum Corp.,* 395 F.2d 416, 418 (2d Cir. 1968).

1   Counsel and the Charging Party to obey the Protective Order -- issued by the Board's Administrative

2   Law Judge at Respondent's request -- limiting the parties' and Agency's use and disclosure of

3   information deemed confidential.

4        In support of this Application, the Board respectfully declares and shows as follows:

5   Jurisdiction and Underlying Unfair Labor Practice Proceeding

6        1.   This Court has jurisdiction of the subject matter of the proceeding and of Respondent

7   by virtue of § 11(2) of the Act [29 U.S.C. § 161(2)] in that the inquiry underlying the issuance of the

8   subpoena *duces tecum* is being carried out within this judicial district and Respondent transacts

9   business within this judicial district, where it operates aircraft production facilities in different

10  locations throughout the greater Seattle, Washington, area.

11       2.   Pursuant to § 6 of the Act, 29 U.S.C. § 156, the Board has issued Rules and

12  Regulations, Series 8, as amended 29 C.F.R. § 102 *et seq.* (the "Board's Rules"), governing the

13  conduct of its operations.

14       3.   Pursuant to the provisions of § 10(b) of the Act [29 U.S.C. 160(b)], there is currently

15  pending before the Board an unfair labor practice hearing before Administrative Law Judge Clifford

16  H. Anderson (the "Administrative Law Judge") arising from the issuance of an administrative

17  complaint in Board Case 19-CA-32431 (the "Administrative Complaint").  A copy of the transcript of

18  the pending administrative unfair labor practice hearing before the Administrative Law Judge is

19  attached to this Application as Exhibit 1.  Copies of the exhibits submitted by the Acting General

20  Counsel, Charging Party, and Respondent at the pending administrative hearing are attached to this

21  Application as Exhibits 2 through 7.  (Complaint at Exhibit 2 at 000234 through 000246).  The

22  Administrative Complaint issued following the investigation of the underlying charge filed with the

23  Region 19 office of the Board by Charging Party.  (Exhibit 2 at 000249).  Each of these documents

Application for Enforcement                 3                NATIONAL LABOR RELATIONS BOARD
of Board Subpoena B-648186                              Region 19
Civil No. _____                                    915 Second Avenue, Suite 2948
                                                        Seattle, Washington
                                                        (206) 220-6301

1   was prepared, filed, and served consistent with the requirements of § 10(b) of the Act [29 U.S.C. §

2   160(b)], and of §§ 102.9 through 102.14 and 102.69 of the Board's Rules [29 C.F.R. §§ 102.9-

3   102.14 and 102.69].  (Exhibit 2 at 000232-000233, 000247-000248).  Respondent filed an answer to

4   the Administrative Complaint denying that it violated the Act.  (Exhibit 2 at 000221-000231).

5          4.      The Administrative Complaint alleges that Respondent violated §§ 8(a)(1) and (3) of

6   the Act, 29 U.S.C. §§ 158(a)(1) and (3), by:  (1) making coercive statements to its employees that it

7   would remove or had removed work from their bargaining units represented by the Charging Party

8   because employees had previously struck Respondent, and threatening or impliedly threatening that

9   their bargaining units would lose additional work in the event of future strikes; and (2) deciding to

10   transfer a second 787 Dreamliner airplane assembly line ( the "second line") and a sourcing supply

11   program for the second line from their bargaining units represented by Charging Party to its non-

12   union site in North Charleston, South Carolina, or to subcontractors because employees from

13   Charging Party-represented bargaining units had previously engaged in strikes against

14   Respondent.[2]

15          5      On June 14, 2011, Respondent moved to dismiss the Administrative Complaint for

16   failure to state a claim, as well as to strike the remedy sought by the Complaint.  A copy of

17   Respondent's Motion to Dismiss or to Strike is attached to this Application as Exhibit 8.  On June 30,

18   2011, the Administrative Law Judge denied Respondent's Motion to Dismiss in its entirety.  A copy

19   of the Administrative Law Judge's ruling is attached to this Application as Exhibit 9.

---

[2] As part of the remedy for the alleged unfair labor practices, the Acting General Counsel seeks an order requiring Respondent to have the Washington State-based bargaining units represented by Charging Party perform assembly work associated with the second line, utilizing supply lines maintained by those bargaining units in Respondent's Seattle, Washington, and Portland, Oregon, area facilities.  The Acting General Counsel does not wish to prohibit Respondent from making non-discriminatory decision with respect to where work will be performed.  (Exhibit 2 at 00234 through 00246).

Application for Enforcement                 4                    NATIONAL LABOR RELATIONS BOARD
of Board Subpoena B-648186                                      Region 19
Civil No. _____                                           915 Second Avenue, Suite 2948
                                                               Seattle, Washington
                                                                (206) 220-6301

Board Subpoena B-648186 and the ALJ's Rulings on its Enforceability

6.      In order to procure additional relevant records and documents for possible use in

the administrative hearing before the Administrative Law Judge, Charging Party made a written

request for and received subpoena *duces tecum* B-648186 (the "Subpoena") from the Board.

(Exhibit 6 at 000004 through 000008).  On May 24, 2011, a representative of Charging Party served

the Subpoena on Respondent.  The Subpoena required and directed Respondent's custodian of

records to appear at 9:00 a.m. on June 14, 2011, or any adjourned or rescheduled date, to testify in

Board Case 19-CA-32431, and to bring with him or her and produce specified books, records,

correspondence, and documents.  The Subpoena was issued under the authority of § 11(1) of the

Act, 29 U.S.C. § 161(1), and in the manner and form provided for in the Act and § 102.31 of the

Board's Rules, 29 C.F.R. § 102.31.

7.      The Subpoena seeks records sought by the Acting General Counsel's subpoena

duces tecum and which are directly related to the allegations of the administrative Complaint,

including information related to Respondent's alleged coercive statements and threats, as well as

the factual bases for such statements, and information related to Respondent's decisions to place a

second line in South Carolina and to transfer a sourcing supply program for the second line to South

Carolina or to subcontractors.  The Subpoena also seeks information related to Respondent's

affirmative defenses, including its contentions that its decision to place the second line in South

Carolina was motivated by "a number of varied factors," that it would have taken the same action

even absent its consideration of the impact of future strikes, and that the remedy sought would

present an undue hardship.  (Exhibit 6 at 000004 through 00008).

8.      The Subpoena was properly served upon Respondent by United States mail to

Respondent's corporate headquarters, and by certified mail and email to Respondent's Counsel,

1   William Kilberg, Esq., of the law firm Gibson, Dunn & Crutcher LLP, located at 1050 Connecticut

2   Avenue, NW, Washington, DC 20036-5306 on May 24, 2011.  (Exhibit 6 at 000010-000015).

3   Service and receipt of the Subpoena complied with § 11(4) of the Act, 29 U.S.C. § 161(4), and §

4   102.113 of the Board's Rules, [29 C.F.R. § 102.113].

5           9.          Pursuant to § 11(1) of the Act, 29 U.S.C. § 161(1), and § 102.31(b) of the Board's

6   Rules [29 C.F.R. § 102.31(b)], Respondent, through its Counsel, filed a timely petition to revoke the

7   Subpoena, dated June 3, 2011.  (Exhibit 10).  Charging Party filed an opposition to Respondent's

8   petition to revoke the Subpoena on June 13, 2011.  (Exhibit 11).  On various dates between June 23

9   and July 14, 2011, the parties made oral arguments to the Administrative Law Judge concerning

10  Respondent's claims that the Subpoena is overbroad, seeks information not relevant to the material

11  factual issues in dispute, and is unduly burdensome.  The Administrative Law Judge ruled that

12  Respondent is required to produce documents responsive to the Subpoena, as he had earlier orally

13  limited and narrowed the Subpoena on the record.  (Exhibit 1 at 000168-000485, 000764-000806).

14  The ALJ's Protective Order

15          10.         On July 25, 2011, Respondent filed in the administrative proceeding a motion for a

16  protective order so as to place a limit on persons who could have access to what Respondent

17  described as sensitive and confidential records, as well as portions of records that would otherwise

18  be responsive to the Subpoena and produced by Respondent.  (Exhibit 4 at 000193-000297).  The

19  parties thereafter negotiated for terms of such a protective order, but did not reach agreement.

20  Following the Administrative Law Judge's solicitation of the parties' positions, the parties submitted

21  briefs and made oral argument.  (Exhibit 1 at 000813-000886; Exhibit 4 at 000298-000611).  On

22  August 12, 2011, the Administrative Law Judge issued a protective order (Exhibit 4 at 000837-

23  000861).  On August 22, 2011, upon a further motion of Respondent to clarify that order,

1   Administrative Law Judge Anderson issued an amended protective order (the "Protective Order").

2   (Exhibit 4 at 000612-000639, 000862-000880).

3         11.       On August 22, 2011, Bloomberg, L.P., the operator of global news service

4   Bloomberg News, filed a letter requesting modification of the Protective Order.  After considering the

5   request and written responses submitted by all parties, the Administrative Law Judge issued a

6   written ruling declining to modify the Protective Order.  (Exhibit 4 at 000640-000659, 000881-

7   000893).

8         12.       The Protective Order sets forth a protocol for resolution of Respondent's

9   confidentiality claims.  The Protective Order recognizes "Confidential Information" as that which:

10                  contains, includes, or consists of confidential, proprietary, and/or trade
11                  secret financial, personal, business, or technical information that the
12                  Respondent maintains in confidence in the ordinary course of business
13                  and which, if disclosed, will cause specific financial and/or competitive
14                  harm to the Respondent.
15
16   (Exhibit 4 at 000868).

17        13.       The Protective Order provides that, upon Respondent's designation and

18   disclosure of such information, "Confidential Information" shall only be made available to

19   Counsel for the Acting General Counsel, counsel for Charging Party, witnesses, individuals

20   assisting counsel, courtroom personnel and adjudicative bodies, such as the Board.

21   (Exhibit 4 at 000869-000870, 000873).  The Protective Order further provides that

22   Respondent may designate additional heightened restrictions on Charging Party's access.

23   (Exhibit 4 at 000870-000871).  The Protective Order also provides for a dispute resolution

24   procedure whereby Counsel for the Acting General Counsel and counsel for Charging

25   Party may challenge any of Respondent's designations, and allows for Respondent to

26   make a good cause showing in support of those designations.  (Exhibit 4 at 000872).

Application for Enforcement                    7            NATIONAL LABOR RELATIONS BOARD
of Board Subpoena B-648186                                 Region 19
Civil No. _____                                       915 Second Avenue, Suite 2948
                                                           Seattle, Washington
                                                           (206) 220-6301

14.     The Protective Order provides that if and when portions of documents designated by Respondent as "Confidential Information" are proffered as exhibits to be placed into the administrative record, that "Confidential Information" will be placed into the administrative record under provisional seal upon motion of any party, without any further findings by the Administrative Law Judge at that time.  Such provisional seal may be made permanent upon motion by Respondent at the conclusion of the hearing.    If, at the end of the hearing, the Administrative Law Judge rejects such a motion and decides to unseal an earlier provisionally sealed exhibit, filing, or transcript excerpt, any such material shall remain provisionally sealed pending resolution of further review of that decision.  (Exhibit 4 at 000873-000874).

The Protective Order in Practice and the Administrative Law Judge's Rulings

15.     On various dates between June 14 and October 7, 2011, Respondent provided Counsel for the Acting General Counsel and counsel for the Charging Party (a) copies of the subpoenaed documents it contends include confidential information, with all asserted "Confidential Information" redacted, and (b) redaction logs providing information about the bases for its redactions.  Respondent thereafter submitted affidavits in support of its asserted bases for the redactions.  (See Affidavits at Exhibit 4 at 000281-000285, 000803-000813, 000894-000992).

16.     On October 20, 2011, Counsel for the Acting General Counsel and Counsel for the Charging Party agreed to treat *all information* Respondent had designated as "Confidential Information" as properly subject to the limitations regarding their use as provided in the Protective Order. The Administrative Law Judge then ordered that those documents be produced in unredacted form, subject to the confidentiality protections set forth in the Protective Order.  (Exhibit 1 at 002024-002025).  Respondent has not yet produced the information in unredacted form.

Application for Enforcement
of Board Subpoena B-648186
Civil No. _____                          8                          NATIONAL LABOR RELATIONS BOARD
Region 19
915 Second Avenue, Suite 2948
Seattle, Washington
(206) 220-6301

1        17.        On various dates during the proceeding, Respondent sought the following *additional*

2    restriction on the Charging Party's access to certain specified redacted portions of some of the

3    redacted documents:

4            Redacted information shall not be viewed, shared, or otherwise communicated to
5            Charging Party, or any employee, officer or representative of the IAM or its
6            counsel. However, counsel for charging party who will not be participating in the
7            2012 collective bargaining negotiations between Charging Party and Respondent,
8            will be permitted to view the restricted information.

9    (Exhibit 4 at 000733-000737).  These documents are Bates numbered:

| | | |
|---|---|---|
| NLRB_004284 | NLRB_007841 | NLRB_009864 |
| NLRB_004285 | NLRB_007846 | NLRB_009875 |
| NLRB_004318 | NLRB_007855 | NLRB_009877 |
| NLRB_004322 | NLRB_007865 | NLRB_009878 |
| NLRB_004325 | NLRB_007867 | NLRB_009887 |
| NLRB_004326 | NLRB_007871 | NLRB_009891 |
| NLRB_004327 | NLRB_007875 | NLRB_009894 |
| NLRB_007732 | NLRB_007879 | NLRB_009895 |
| NLRB_007734 | NLRB_007888 | NLRB_009896 |
| NLRB_007738 | NLRB_007908 | NLRB_009915 |
| NLRB_007741 | NLRB_007911 | NLRB_009923 |
| NLRB_007742 | NLRB_007918 | NLRB_009939 |
| NLRB_007743 | NLRB_007920 | NLRB_009940 |
| NLRB_007799 | NLRB_007931 | NLRB_010239 |
| NLRB_007800 | NLRB_007952 | NLRB_010241 |
| NLRB_007822 | NLRB_009794 | NLRB_010246 |
| NLRB_007824 | NLRB_009825 | NLRB_010247 |
| NLRB_007827 | NLRB_009826 | NLRB_010289 |
| NLRB_007832 | NLRB_009835 | NLRB_010291 |
| NLRB_007836 | NLRB_009861 | NLRB_010293 |
| NLRB_007837 | NLRB_009863 | |

10        18.        On September 7 and 12, 2011, the parties submitted written arguments addressing

11    the general factors to be considered by the Administrative Law Judge when considering

12    Respondent's requested heightened restriction on the Charging Party's access to documents

13    (described immediately above).  On various dates between September 14 and October 19, 2011,

14    the parties submitted to the Administrative Law Judge disputes concerning Respondent's claims that

1   the Charging Party's access to particular information in the subpoenaed documents should be

2   restricted.  (Exhibit 1 at 001277-001321, 001394-001407, 001455-001724, 001978-001994).

3         19.    After conducting an *in camera* inspection of unredacted versions of the documents

4   at issue for which Respondent requested heightened Charging Party use restriction, the

5   Administrative Law Judge ruled that Charging Party's access to those portions of the documents

6   should not be so restricted, and ordered Respondent to produce them in unredacted form.  (Exhibit 1

7   at 001277-001321, 001394-001407, 001455-001724, 001978-001994).

8   Respondent's Assertion of the "*Berbiglia*" Privilege[3]

9         20.    On October 14 and 18, 2011, Respondent moved the Administrative Law Judge to

10  find that portions of certain documents responsive to the Subpoena may be withheld from any

11  disclosure based on a qualified labor-relations strategy privilege recognized by the Board, and

12  engaged in oral argument as to whether certain information was so privileged.  (Exhibit 1 at 001728-

13  001844).  After conducting an *in camera* inspection of the allegedly privileged portions of the

14  subpoenaed documents, the Administrative Law Judge ruled orally on the record that certain

15  information contained in the documents did not constitute privileged labor strategy, and ordered

16  Respondent to produce that information in unredacted form. (To the extent such documents were

17  designated "Confidential Information" by Respondent, they would retain the protections of the

18  Protective Order.)  The information the Administrative Law Judge ruled was not privileged as

19  information directly related to labor-relations strategy is identified by the following Bates numbers:

20        NLRB_009768
21        NLRB_009773 (except for a portion of the fourth line of the redacted paragraph)
22        NLRB_009941
23        NLRB_009942
24        NLRB_009943

---

[3] *Berbiglia, Inc.*, 233 NLRB 1476 (1977).

Application for Enforcement        10        NATIONAL LABOR RELATIONS BOARD
of Board Subpoena B-648186        Region 19
Civil No. _____        915 Second Avenue, Suite 2948
       Seattle, Washington
       (206) 220-6301

1    NLRB_009945
2    NLRB_009773
3    NLRB_009946

4    (Exhibit 1 at 001728-001843).  Respondent has not yet produced any of these documents in

5    unredacted form.

6        21.    Respondent's records that the Administrative Law Judge ruled are privileged labor

7    relations strategy and, therefore, *may be withheld* are not sought in this proceeding and,

8    accordingly, are not in issue.

9    <u>Respondent's Partial Compliance with the Subpoena</u>

10       22.    Respondent has represented to the Administrative Law Judge that it is producing

11   substantially all subpoenaed documents, but that it has redacted from those documents all

12   information that, it contends, requires either confidential treatment or heightened restrictions on

13   access by Charging Party, and all information that it contends is privileged from disclosure under the

14   Board's labor-relations strategy privilege.  (Exhibit 1 at 000966-001045).

15       23.    Respondent has further represented that it will continue to refuse to comply with

16   Administrative Law Judge Anderson's order to produce unredacted the "Confidential Information"

17   until a federal district court issues a protective order in proceedings to enforce the Subpoena under

18   § 11(2) of the Act, 29 U.S.C. § 161(2).  (Exhibit 1 at 002016-002017).  Respondent has also stated

19   that it may seek review of Administrative Law Judge Anderson's rulings (a) rejecting Respondent's

20   requested heightened restrictions on the Charging Party's access to portions of certain documents

21   and (b) rejecting Respondent's claims that portions of certain documents are completely privileged

22   from disclosure under the Board's labor-relations strategy privilege.  (Exhibit 1 at 001754, 002016-

23   002017).

24       24.    Respondent's refusal to produce such documents material to the litigated issues in

Application for Enforcement                    11            NATIONAL LABOR RELATIONS BOARD
of Board Subpoena B-648186                                  Region 19
Civil No. _____                                        915 Second Avenue, Suite 2948
                                                            Seattle, Washington
                                                            (206) 220-6301

1   the administrative proceedings before Administrative Law Judge Anderson constitutes contumacious

2   conduct within the meaning of § 11(2) of the Act, 29 U.S.C. § 161(2), which conduct is impeding the

3   administrative unfair labor practice proceeding described above in paragraph 3, and preventing the

4   Board from carrying out its duties and functions under the Act.

5       **WHEREFORE**, the National Labor Relations Board respectfully prays:

6       1.      That an order to show cause issue directing Respondent to appear before this Court

7   on a date specified and show cause why an order should not issue (a) directing its custodian of

8   records to appear before the Administrative Law Judge for Board Case 19-CA-32431 at such time

9   and place as the Administrative Law Judge may designate and to produce unredacted the

10  subpoenaed documents that so far have been produced in redacted form, to give testimony, and to

11  answer all questions relevant to the maintenance and production of these records at the Board's

12  unfair labor practice hearing, and (b) affirming and ordering compliance with  the Protective Order

13  issued by the Administrative Law Judge;

14      2.      That upon the return of said order to show cause, this Court issue an order requiring

15  Respondent's custodian of records to appear before the Administrative Law Judge, at a time and

16  place to be fixed by the Administrative Law Judge, and to produce unredacted the subpoenaed

17  documents, to give testimony, and to answer all questions relevant to the maintenance and

18  production of records at the Board's unfair labor practice hearing, affirming and ordering all parties to

19  comply with the Protective Order issued by the Administrative Law Judge; and

Application for Enforcement                    12                NATIONAL LABOR RELATIONS BOARD
of Board Subpoena B-648186                                      Region 19
Civil No. _____                                            915 Second Avenue, Suite 2948
                                                                Seattle, Washington
                                                                (206) 220-6301

1   3.  That the Applicant, National Labor Relations Board, be granted such other and

2 further relief as may be necessary and appropriate.

3   DATED AT Seattle, Washington this 22nd day of November, 2011.

4         Respectfully Submitted,

5

6

7      By: /s/ Anne P. Pomerantz

8        /s/ Mara-Louise Anzalone

9        /s/ Peter G. Finch

10       /s/ Rachel Harvey

11       ANNE P. POMERANTZ , CA Bar 204059; NY Bar 2398428

12       MARA-LOUISE ANZALONE, NY Bar 2770592

13       PETER G. FINCH, WA Bar 27705

14       RACHEL HARVEY, FL Bar 763411

15

16       National Labor Relations Board

17       Region 19

18       2948 Jackson Federal Building

19       915 Second Avenue

20       Seattle, Washington  98174

21       Telephone: (206) 220-6301

22       Facsimile:  (206) 220-6305

23       Email:  Anne.Pomerantz@nlrb.gov

24           Mara-Louise.Anzalone@nlrb.gov

25           Peter.Finch@nlrb.gov

26           Rachel.Harvey@nlrb.gov

27

28       Counsel for Applicant

Application for Enforcement    13    NATIONAL LABOR RELATIONS BOARD
of Board Subpoena B-648186          Region 19
Civil No. _____            915 Second Avenue, Suite 2948
                  Seattle, Washington
                  (206) 220-6301